UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN THOMAS, III,                     No. 09-13397

       Plaintiff,                         District Judge Lawrence P. Zatkoff

v.                                        Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

On August 27, 2009, Plaintiff Benjamin Thomas, III filed a complaint seeking judicial review of Defendant Commissioner of Social Security's decision denying him disability insurance benefits under Title II of the Social Security Act. Before the Court is Defendant's Motion to Dismiss [Docket #8], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Defendant's motion be GRANTED, and that the complaint be DISMISSED.

    **I.   BACKGROUND**

Defendant seeks dismissal on the ground that the Plaintiff filed his complaint after the 60-day statute of limitations set forth in 42 U.S.C. § 405(g). Attached to the Defendant's motion is the affidavit of Earnest Baskerville, Chief of Court Case Preparation and Review Branch 3, Office of Disability Adjudication and Review, Social

-1-

Security Administration. Mr. Baskerville recounts the administrative history of this case as follows. On September 14, 2007, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for Social Security Disability benefits. Plaintiff sought review from the Appeals Council, which denied review, mailing Plaintiff a copy of its notice of action on June 19, 2009. The notice informed Plaintiff of his right to commence a civil action within sixty days from the date of receipt. Plaintiff filed his civil complaint in this Court on August 27, 2009, which was beyond the 60-day period.

Mr. Baskerville also states in his Declaration:

"At the time of signing this Declaration, the undersigned is not aware of any request for an extension of time to file a civil action as specified in said notice and in section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)) and in section 422.210 of Social Security Administration regulations No. 22 (20 CFR 422.210)."

On December 22, 2009, this Court ordered Plaintiff "to show cause in writing, on or before January 15, 2010, why this Court should not recommend dismissal of his case." [Order to Show Cause, Docket #9]. To date, Plaintiff has not responded to the show cause order.

## II. DISCUSSION

42 U.S.C. § 405(g) provides that a claimant may obtain judicial review of an adverse decision by the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *See also* 20 C.F.R. 422.210(c). Section 405(h) provides that § 205(g) is the exclusive jurisdictional basis for judicial review in

cases arising under the Social Security Act.

Thus, claims such as the one brought by Plaintiff are subject to a 60-day statute of limitations, which runs from the date the plaintiff receives notice of the Appeals Council's decision. The date of receipt is presumed to be five days after the date of the Appeals Council's notice. *See* 20 C.F.R. §§ 404.901 and 422.10(c); *Cook v. Commissioner of Social Security*, 480 F.3d 432, 436-37 (6th Cir. 2007). In this case, the presumed date of receipt would be June 24, 2009, and Plaintiff had 60 days from that date, or August 23, 2009, to file his complaint in district court. Instead, he filed it four days late, on August 27, 2009. Although § 405(g) permits the Commissioner to extend the 60-day limitation period, there is no indication in this record that Plaintiff sought an extension.

The 60-day statute of limitations of Social Security appeals is not jurisdictional, and may be subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, "in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.'" *Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th Cir.2007)(quoting *Davila v. Barnhart,* 225 F.Supp.2d 337, 339 (S.D.N.Y.2002)). *See also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000)("federal courts sparingly bestow equitable tolling"). In determining whether to grant equitable tolling, the Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive

knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook,* 480 F.3d at 437.

In this case, the Appeals Council's notice clearly informed Plaintiff of the 60-day requirement for filing. Plaintiff did not ask the Commissioner for an extension before filing his complaint, and has not asked this Court to toll the time. Indeed, Plaintiff has not seen fit to respond to this Court's order to show cause and has not offered any reason why he could not have filed his complaint timely. Plaintiff has therefore not been diligent in pursuing his rights. In terms of prejudice to the Commissioner, the court in *Cook* stated:

> "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." 480 F.3d at 437.

The Plaintiff filed his complaint beyond the 60-day statute of limitations set forth in § 405(g), and has not met his burden of showing compelling reasons to equitably toll the time for filing. His complaint should therefore be dismissed.

### III.  CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Docket #8] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as

provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: April 8, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 8, 2010.

                                                s/Susan Jefferson
                                                Case Manager