UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN THOMAS, III,

    Plaintiff,

vs.                              CASE NO. 09-13397
                                  HON. LAWRENCE P. ZATKOFF

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff filed the instant action seeking Social Security Disability Insurance Benefits. This matter is currently before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation dated April 8, 2010, wherein Magistrate Judge Whalen recommended that Defendant's Motion to Dismiss be granted. Plaintiff filed a timely objection to the Report and Recommendation.

In its Motion to Dismiss, Defendant accurately argued that Plaintiff failed to file his complaint within the 60-day period permitted under 42 U.S.C. § 405(g). Pursuant to Section 405(g), Plaintiff was required to file his complaint on or before August 24, 2009. Plaintiff filed his complaint three days later, on August 27, 2009, without requesting from Defendant an extension of time to file. In December 2009, Plaintiff failed to file a timely response to Defendant's Motion to Dismiss. As a result, Magistrate Judge Whalen issued Plaintiff an order to show cause why the case should not be dismissed. When Plaintiff did not respond for several months, Magistrate Judge Whalen appropriately recommended that Plaintiff's complaint be dismissed, essentially for Plaintiff's failure to timely file his complaint without a reason to equitably toll the filing deadline.

The 60-day statute of limitations for Social Security appeals may be subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). In determining whether to grant equitable tolling, the Court must consider the following factors:

      (1)      the petitioner's lack of [actual] notice of the filing requirement;

      (2)      the petitioner's lack of constructive knowledge of the filing requirement;

      (3)      diligence in pursuing one's rights;

      (4)      absence of prejudice to the respondent; and

      (5)      the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim.

*Cook v. Commissioner of Social Security*, 480 F.3d 432, 437 (6th Cir. 2007). The Court has thoroughly reviewed and considered the filings in this case and, for the reasons that follow, the Court concludes that this is a case where equity dictates that the 60-day period under Section 405(g) should be tolled.

      First, the Court finds that Defendant will not be prejudiced if this case is decided on the merits. In his complaint, Plaintiff states that he was paralyzed in an auto accident and collected Social Security benefits for 10 years before being considered able to work. Second, Plaintiff did not willfully or recklessly miss the filing deadline, nor did he fail to exercise diligence in pursuing his rights. In his objection, Plaintiff gave two reasons for his untimeliness. He states that his failures to meet deadlines in this case are due, in part, to not having money or transportation while his benefits were stopped for 2 ½ years, during which time he had to live at locations other than the address registered with the Court. Plaintiff also states that due to his prescription medication, he often was in a fatigue state that interfered with his ability to make the deadlines.

      In light of Plaintiff's allegations that he previously received Social Security benefits for 10 years (and may again be receiving benefits), Plaintiff's other representations to the Court (as detailed above), and the fact that he was only three days late in filing his complaint, the Court finds that the interests of justice strongly weigh against the dismissal of Plaintiff's cause of action at this time. Rather, for the foregoing reasons, the Court concludes that the interests of justice favor: (a) equitably tolling the 60-day period under Section 405(g), and (b) consideration of Plaintiff's cause of action on the merits.

Accordingly, and for the reasons set forth above, the Court hereby DENIES Defendant's Motion to Dismiss (Docket #8) and refers this matter to Magistrate Judge Whalen for further proceedings.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 22, 2010.

s/Marie E. Verlinde
Case Manager
(810) 984-3290