UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN THOMAS III,

          Plaintiff,

Case No. 09-13397

District Judge Lawrence P. Zatkoff

v.

Magistrate Judge R. Steven Whalen

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

_____/

## REPORT AND RECOMMENDATION

On August 27, 2009, Plaintiff Benjamin Thomas III filed a *pro se* complaint under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision that he was no longer disabled as of March 1, 2004, and therefore not entitled to continuing benefits as of that date. The case has been referred for a Report and Recommendation ("R&R") on dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the action be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 41(b), for Plaintiff's failure to prosecute. In the alternative, I recommend that Defendant's motion for summary judgment [DE #21] be GRANTED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Following an automobile accident in 1996, Plaintiff suffered a spinal cord injury and a left knee anterior cruciate ligament (ACL) injury. As a result, he also suffered partial paraplegia (Tr. 16). On November 16, 2000, the Commissioner found the Plaintiff disabled as of August 22, 1996, and awarded disability benefits. The Commissioner found that Plaintiff's impairments met the "Listings," § 1108 of 20 C.F.R. Part 404,

Subpart P, Appendix 1 (20 C.F.R. 404.1520(d)).

Based on medical improvement, including resolution of the partial paraplegia (Plaintiff was found able to ambulate, albeit with intermittent use of a cane), disability benefits were terminated as of March 1, 2004. Administrative Law Judge ("ALJ") Karen Goheen held hearings on December 20, 2006 and March 20, 2007, and on September 14, 2007, she issued her decision that Plaintiff was not disabled as of March 1, 2004 (Tr. 14-22). The Appeals Council denied Plaintiff's request for review on June 19, 2009 (Tr. 6).

Plaintiff filed his complaint in this Court on August 27, 2009. The Defendant responded with a motion to dismiss [Doc. #8] on the ground that the Plaintiff filed his complaint after the 60-day statute of limitations set forth in 42 U.S.C. § 405(g). On December 22, 2009, I ordered Plaintiff "to show cause in writing, on or before January 15, 2010, why this Court should not recommend dismissal of his case." [Order to Show Cause, Docket #9]. Plaintiff did not respond to the show cause order. Therefore, on April 8, 2010, I issued an R&R recommending that the complaint be dismissed as untimely. Almost three weeks later, on April 27, 2010, Plaintiff filed a response to the show cause order. On review, the District Judge agreed that the complaint was untimely by three days, but under the totality of the circumstances, and in the interests of justice, denied the motion to dismiss and equitably tolled the statute of limitations [Doc. #13].

I then ordered the Defendant to answer the complaint [Doc. #15] and when the answer was filed, I issued a briefing schedule [Doc. #17] directing that Plaintiff file his summary judgment motion by February 16, 2011. On that date, Plaintiff filed a motion to extend time for filing his summary judgment motion [Doc. #19]. I granted that motion on February 16, 2011, giving Plaintiff until March 16, 2011 to file [Doc. #20].

Despite the fact that I granted his motion to extend, Plaintiff did not file a

summary judgment motion. On September 29, 2011–six months after the due date–I ordered Plaintiff to "show cause in writing why the Court should not either dismiss the case for failure to prosecute, or proceed to decide this case only on the administrative record and the Commissioner's brief." [Doc. # ]. I also ordered that Plaintiff could, within 14 days, merely file a narrative statement of why he is entitled to continuing benefits:

> "In the alternative, Plaintiff may, within 14 days of the date of this Order, file his motion for summary judgment. Given that Mr. Thomas is not represented by counsel, his motion does not have to be in a specific legal format. He may, if he wishes, simply write a narrative statement of why he thinks the ALJ was wrong in denying him benefits." *Id*.

To date, Plaintiff has neither responded to the show cause order nor filed his motion for summary judgment. The Commissioner file a motion on April 8, 2011.

## II.   LEGAL PRINCIPLES

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion   in the calendars of the District Courts."  *Link v. Wabash R. Co.*

370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

L.R. 41.2, which permits dismissal for failure to prosecute on the court's own

motion, states:

> "[W]hen it appears that the court lacks subject matter
> jurisdiction or that the parties have taken no action for a
> reasonable time, the court may, on its own motion after
> reasonable notice or on application of a party, enter an order
> dismissing or remanding the case unless good cause is
> shown."

In the case of a *pro se* litigant, "the Court must take into consideration the

difficulties an individual faces in bringing forward their case without the benefit of

legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.

2007). Nonetheless, because defendants are entitled "to a fair and timely resolution

of the litigation . . . *pro se* litigants are not to be accorded any special consideration

when they fail to adhere to readily-comprehended court deadlines." *Id*.; *Jourdan*

*v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

In determining whether to dismiss a complaint for failure to prosecute, the

Court generally looks to four factors for guidance: (1) whether the party's failure is

due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by

the dismissed party's conduct; (3) whether the dismissed party was warned that

failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions

were imposed or considered before dismissal was ordered. *Knoll v. American*

*Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of

the factors is outcome dispositive, and dismissal is entrusted to the discretion of

the Court. *Id*.

### III.   DISCUSSION

As to the first *Knoll* factor, and without addressing the issue of willfulness

-4-

or bad faith, this *pro se* plaintiff is clearly at fault for not complying with the scheduling order of February 16, 2011, in which I granted his request for extra time, and the show cause order of September 29, 2011, in which I again afforded him additional time to file, even though his brief was already six months late. In addition, I specifically relaxed the formatting requirements in deference to his *pro se* status, allowing him to file a narrative statement in lieu of a formal brief.

This Plaintiff has a troubling history of disregarding the orders of this Court. He did not respond to the Defendant's previous motion to dismiss, even though I ordered him to do so. He did not respond timely to my previous show cause order, filing a response only after I issued an R&R recommending the dismissal of his case. After I entered a briefing schedule, he was able to request an extension on the last day his brief was due. Almost a year has passed, and he has still not filed anything, even though I generously gave him extra time in my latest show cause order. I can only conclude that for whatever reason, the Plaintiff has no interest in moving this case to resolution.

Looking at the second factor, there is no identifiable prejudice to the Defendant at this point, beyond the lengthy passage of time. The third factor, however, weighs heavily against the Plaintiff, since he was given very clear notice in the show cause order of September 15, 2009 that his failure to take action could lead to dismissal.

Finally, as to the fourth factor, this is not a case where, for example, an attorney's deficient performance can be sanctioned short of dismissing his or her client's case. *See Mulbah, supra.* Given the many accommodations that have been

made for this Plaintiff[1], and the warning given to him last September, the only appropriate sanction is dismissal.

Numerous judges in this District have dismissed Social Security complaints under Rule 41(b) where the Plaintiff has neither filed a summary judgment motion nor responded to a show cause order. *See Herbers v. Comm. of Soc. Sec.*, 2012 WL 12761 (E.D. Mich. 2012)(Cook, J.);*Yax v. Comm. of Soc. Sec.*, 2011 WL 3034914 (E.D. Mich. 2011)(Battani, J.); *Gayles v. Comm. of Soc. Sec.*, 2010 WL 3582553 (E.D. Mich. 2010)(Rosen, J.); *Montgomery v. Comm. of Soc. Sec.*, 2010 WL 2181431 (E.D. Mich. 2010); *Miles–Richardson v. Comm'r of Soc. Sec.,* No. 09–11275, 2010 WL 1790976 (E.D.Mich. 2010) (Zatkoff, J.); *McNaughton v. Comm'r of Soc. Sec.,* No. 09–10766, 2009 WL 4646029 (E.D.Mich. 2009) (Borman, J).

I recognize that the Court came to a contrary conclusion in *Wright v. Comm. of Soc. Sec.*, 2010 WL 5420990 (E.D. Mich. 2010)(Friedman, J.). Citing *Kenney v. Heckler*, 577 F.Supp. 214 (N.D. Ohio 1983), the Court in *Wright* held as follows:

> "[T]his Court holds that a complaint filed pursuant to 42 U.S.C. § 405(g) appealing the Secretary's final decision denying Social Security disability benefits, may not be dismissed for failure of the plaintiff to prosecute when the plaintiff fails to file a summary judgment motion as requested by the Magistrate....Stated another way, once the plaintiff has filed a complaint stating his grounds for appeal from the Secretary's decision, he has done all that is required of him by § 405(g)." *Id*. at *3.

---

[1] The ALJ also accommodated Plaintiff's *pro se* status by bifurcating the hearings. At the first hearing in December of 2006, which dealt primarily with procedural issues, the ALJ informed Plaintiff of his right to have an attorney and of some options for representation (Tr. 298-99).The Plaintiff said that he would look into obtaining counsel for the second hearing (Tr. 300). Nevertheless, at the second hearing in March of 2007, the Plaintiff appeared without counsel or other representation.

The *Wright* decision then went on to review the record in the merits, and remanded the case for an award of benefits.

The Sixth Circuit has not weighed in on whether Rule 41(b) is an appropriate basis to dismiss a Social Security appeal brought under § 405(g), and the divergence of views within this District (with the majority opting to dismiss such cases for failure to prosecute) shows that reasonable jurists may differ on this issue.[2] Under the facts of this case, however, dismissal is the preferred remedy. The Plaintiff was ordered not only to file a summary judgment motion, but to show cause why the case should not be dismissed, or to file a narrative statement setting forth the reasons the ALJ got it wrong. He knew he had an obligation to file something, because he requested an extension to do so in February of 2011. *See Jourdan v. Jabe*, *supra*, 951 F.2d at 110.

Moreover, the administrative record in *Wright* clearly showed that the ALJ's decision to deny benefits was not supported by substantial evidence, and the case was remanded for an award of benefits. In fact, the Court noted that "proof of plaintiff's disability is strong and evidence to the contrary is non-existent." *Id*. at 9.

---

[2] In dicta, *Wright* stated, "Whether a *pro se* plaintiff's failure to file a summary judgment motion, contrary to a magistrate judge's order, can ever constitute such delay or misconduct [supporting dismissal under Rule 41(b)] may be debatable." However, in *Jourdan v. Jabe*, *supra*, 951 F.2d at 110, the Sixth Circuit appears to have resolved the debate, at least as it applies to non-Social Security cases. Affirming the dismissal of a *pro se* case for failure to prosecute, the Court stated:

> "However, no persuasive reason has been posited why Jourdan should be accorded special consideration under the circumstances of this case. His action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware. That he comprehended their significance is evidenced by his having sought their extension. The district court was generous in granting extensions which Jourdan failed to utilize."

2:09-cv-13397-LPZ-RSW   Doc # 23   Filed 02/13/12   Pg 8 of 11   Pg ID 447

In contrast, a review of the record in this case shows that the ALJ's decision is well-supported and well-reasoned. A critical impairment upon which the Plaintiff was originally granted benefits, and which in fact met the Listings, was his paraplegia. After treatment and physical therapy, that impairment was resolved to the extent that Plaintiff was "able to ambulate effectively with the intermittent use of a cane and does not otherwise meet the requirements of any musculoskeletal impairment." (Tr. 17). The ALJ did find the medically determinable impairments of "history of T12 fracture, left knee anterior cruciate ligament (ACL) injury and bladder incontinence" (Tr. 16), but based on those impairments found that Plaintiff had the residual functional capacity (RFC) "to perform sedentary work lifting and/or carrying no more than 10 pounds; which is primarily seated with only occasional time on his feet; avoiding postural activities and using a cane to ambulate; further avoiding close proximity to unprotected heights and dangerous machinery; and having the ability to take unscheduled restroom breaks." (Tr. 18). The ALJ noted that although Plaintiff testified to being able to lift 20 to 25 pounds, he was "restricting the claimant to sedentary work, lifting no more than 10 pounds." (Tr. 20).

In addition to the lack of clinical support for a finding of disability, the ALJ stated as follows regarding the vagueness of Plaintiff's claims and his lack of credibility:

> "The description of the symptoms and limitations which the claimant has provided throughout the record has generally been inconsistent and unpersuasive. Further, his description of symptoms has been quite vague and general, lacking the specificity which might otherwise make it more convincing. The claimant's failure to seek treatment on a regular and consistent basis calls into question the severity of the claimant's impairments as one would expect an individual with allegedly disabling impairments to seek treatment

-8-

relatively frequently.

"At the preliminary hearing in this matter the claimant testified that he was covered by his mother's AAA insurance after injury, for life, but did not seek treatment as he was required to pay co-pays and deductibles. The record of a visit in January 2007 indicates that the visit was 'being covered by AAA.' The claimant's medicare benefits did not terminate until 2005 which would have covered treatment at least through that time. *The claimant also testified that he lacked motivation. Additionally, he testified that he failed to follow up with his neurologist after having disagreed with the way in which the treating physician had characterized his condition to Agency examiners.* Clearly, the claimant's failure to seek appropriate treatment was not solely based upon a lack of insurance or finances." (Tr. 18-19) (emphasis added).

Ultimately, based on the RFC and the testimony of the Vocational Expert, the ALJ found that "as of March 1,2004, the claimant was capable of making a successful adjustment to work that existed in significant numbers in the national economy," (Tr. 22), specifically "systems monitor, lobby attendant, information clerk or gate tender with 5,000 such jobs in existence in Southeastern Michigan." (Tr. 21).

Having reviewed the administrative record and the Defendant's motion for summary judgment, I conclude that the ALJ's decision was supported by substantial evidence and should not be disturbed. Thus, apart from dismissal for failure to prosecute under Rule 41(b), summary judgment should be granted to the Defendant on the merits.

The extraordinary length of time that has passed since Plaintiff was ordered to file his motion for summary judgment and to respond to the show cause order is a more than "reasonable time" within the meaning of L.R. 41.2. The Plaintiff's failure to respond in any manner suggests an intent to abandon this litigation. Insofar as Plaintiff has taken no action, even after the Court sent him notice of the

consequences of failure to comply with the show cause order, dismissal is appropriate.  Further, Fed.R.Civ.P. 41(b) states that a dismissal under that subdivision "operates as an adjudication upon the merits."  Therefore, dismissal should be with prejudice.

## IV.   CONCLUSION

I therefore recommend that the Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b). In the alternative, I recommend that Defendant's motion for summary judgment [DE #21] be GRANTED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6ᵗʰ Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6ᵗʰ Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6ᵗʰ Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6ᵗʰ Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is

extended by the court.  The response shall address specifically, and in the same

order raised, each issue contained within the objections.


                              s/ R. Steven Whalen
                              R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE
Date: February 13, 2012



                       CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the
Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the
Notice of Electronic Filing on February 13, 2012.

Benjamin Thomas, III          s/Johnetta M. Curry-Williams
268 Baltimore                 Case Manager
Detroit, MI 48202